## PRAIRIE FARMER PUB. CO. et al. v. INDIANA FARMER'S GUIDE PUB. CO.

### No. 5646.

Circuit Court of Appeals, Seventh Circuit. March 27, 1936.

Maxwell V. Beghtol, of Lincoln, Neb., Burke G. Slaymaker, of Indianapolis, Ind., Thomas E. Murphy, of Chicago, Ill., and J. L. Parrish, of Des Moines, Iowa, for appellants.

U. S. Lesh and James E. Lesh, both of Indianapolis, Ind., Eben Lesh and Joseph H. Lesh, both of Huntington, Ind., and Samuel T. Lesh, of Indianapolis, Ind., for appellee.

Before EVANS, and SPARKS, Circuit Judges, and LINDLEY, District Judge.

This action was brought under and pursuant to section 7· of the Sherman Anti-Trust Act (15 U.S.C.A. § 15 note) to recover treble damages due to appellants' alleged unlawful conspiracy to injure the

plaintiff (appellee) and in violation of sections 1 and 2 of said Act (15 U.S.C.A. §§ 1, 2). Appellee won a verdict of $10,000, upon which a judgment of $37,000 was entered. Included in the judgment was $7,000 allowed as attorneys' fees, as authorized by said statute.

Appellants seek a reversal chiefly because their motion for a directed verdict was denied.

EVANS, Circuit Judge.

Brevity may be promoted by reference to two decisions, one by this court, 70 F. (2d) 3, and one by the Supreme Court, 293 U.S. 268, 55 S.Ct. 182, 79 L.Ed. 356. Both deal with this same case on a former appeal. The evidence on the former trial differed little in essential respects from that found in the record before us.

On the former appeal we sustained the District Court's dismissal of the action on the ground that the evidence failed to establish a violation of the sections relied upon. The Supreme Court reversed the judgment, and a new trial followed. On retrial, the duty of the District Court to follow the instructions of the Supreme Court was, of course, clear. It attempted so to do and submitted the case to the jury with the results above stated.

The parties disagree as to the construction of the Supreme Court decision. Both agree that it controls this appeal.

Appellants earnestly contend that the evidence in the case fails to show either a conspiracy to restrain interstate commerce or the adoption of unfair or unlawful trade practices by the appellants. This court adopted this view on the previous trial, and the Supreme Court differed with us and reversed the judgment. Appellants also argue that the evidence in this case fails to show any recoverable damages suffered by appellee.

We deem it unnecessary to elaborate the questions so fully discussed in the previous opinions. As we view the question before us it is merely a matter of applying the Supreme Court's decision.

We accept appellee's version which is that the complaint stated a good cause of action, and, if the facts which the evidence on the trial tended to establish be accepted by the jury as true, then it was justified in finding for appellee. In other words, the arguments which appellants advance do not establish a bar to recovery, but merely challenge the facts and the in-

ferences which support appellee's fact contentions. The result is that a jury question on the issue of damages, restraint of trade, and unfair methods, existed, and the jury settled the fact issues by its verdict. As we construe the decision of the Supreme Court, this conclusion is unavoidable.

It follows, therefore, that the judgment should be and is hereby affirmed.